# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNDER ARMOUR, INC.** | ) | |
| 1020 Hull Street | ) | |
| Baltimore, Maryland 21230, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL** |
| | ) | **DEMANDED** |
| v. | ) | |
| | ) | |
| **ARMORINA INC.** | ) | |
| 99 Wall Street #908 | ) | |
| New York, New York 10005, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Under Armour, Inc. alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### NATURE OF THIS ACTION

1.      This is a civil action for trademark infringement, trademark dilution, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Maryland statutory and common law.  Under Armour seeks equitable and monetary relief from Defendant's willful violations of Under Armour's trademark rights in its famous UNDER ARMOUR mark, ARMOUR mark, and other ARMOUR-formative marks (the "ARMOUR Marks").

2.      Defendant has been offering for sale, selling, and promoting fitness and activewear apparel and accessories for women under the ARMORINA name/mark—which misappropriates a core of Under Armour's branding and combines it with the feminine suffix INA—in violation of Under Armour's trademark rights.  As a result of Defendant's use of

ARMORINA in connection with its products, activities, and promotions, consumers are likely to confuse them with Under Armour.

## PARTIES

3.      Plaintiff Under Armour is a Maryland corporation with a principal place of business at 1020 Hull Street, Baltimore, Maryland 21230.

4.      Defendant Armorina is a New York corporation with an address at 99 Wall Street #908, New York, New York 10005.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  Because Under Armour is a citizen of the State of Maryland, Defendant is a citizen of the State of New York, and the matter in controversy exceeds $75,000 exclusive of interests and costs, the Court also has jurisdiction under 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over Under Armour's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

6.      This Court has general and/or specific personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting business in Maryland.  Defendant offers, markets, and promotes its products bearing the ARMORINA mark through its website and other means to consumers located in Maryland and elsewhere and uses that mark to promote and advertise its products in Maryland and elsewhere.

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Under Armour's claims have occurred and are

continuing to occur in this District, and Under Armour's trademarks at issue are located in this District, where Under Armour maintains its principal place of business.

## UNDER ARMOUR, ITS PRODUCTS, AND ITS ARMOUR TRADEMARKS

8.      Under Armour is one of the world's most successful, popular, and well-known providers of apparel, footwear, sporting goods, and accessories.  Through Under Armour's innovative use of advanced engineering and technology, it has revolutionized the performance-product industry.  In 2018 alone, Under Armour sold over $5 billion worth of products.

9.      Since at least as early as 1996, Under Armour has continuously used and promoted (through itself, its predecessor in interest, and its licensees) the UNDER ARMOUR name/mark for apparel.

10.      Over the years, Under Armour has expanded to a wide range of other products and services, including a full line of men's and women's athletic clothing, footwear, headwear, and accessories; workwear; tactical wear; bags; and sports equipment.  The distinctive UNDER ARMOUR name/mark has been used and promoted across Under Armour's extensive product line.

11.      In addition to its UNDER ARMOUR name/mark, Under Armour has used and promoted the ARMOUR mark alone and numerous other ARMOUR-formative marks in connection with its wide range of products and services including, for example, GAMEDAY ARMOUR, BABY ARMOUR, OFFSHORE ARMOUR, SUN ARMOUR, ARMOUR STRETCH, ARMOUR GRABTACK, ARMOUR FLEECE, ARMOUR SELECT, ARMOR ELITE, ARMOUR ACCESS, ARMOURBLOCK, ARMOURSTORM, ARMOURLOFT, ARMOURGRIP, ARMOURSIGHT, ARMOURSTEALTH, ARMOURBOX, and MY ARMOUR, among others.  These ARMOUR-formative marks have been used and promoted

individually and/or together, and consumers have come to associate the ARMOUR portion of the marks with UNDER ARMOUR.

12.     Among its numerous products, Under Armour has for years offered a variety of apparel and accessories for women under its ARMOUR Marks, e.g.:







### HeatGear® Armour Shorty
Women's Shorts

★★★★★ 62  |  Live Chat  |  Style #1309618

$25.00

**Color:** Jet Gray / Peach Plasma - 010

Please select a size                Size Chart

| XS | SM | MD | LG | XL | XXL |

Find Your True Fit Size

Qty
1

**ADD TO BAG**

*PayPal* Checkout

🎁 SEND AS A GIFT



BEST SELLER

### Armour® Crossback
Women's Sports Bra

★★★★☆ 213  |  Live Chat  |  Style #1276503

$26.99

**Color:** Black / Black - 001

Please select a size                Size Chart

| XS | SM | MD | LG | XL | XXL |

Find Your True Fit Size

Qty
1

**ADD TO BAG**

*PayPal* Checkout

🎁 SEND AS A GIFT








**UA FAVORITE COLLECTION**
Designed to go from sunrise to sundown.

**ARMOUR BRA® BREATHE**
Breathe in. Breathe out. Focus.

### UNDER ARMOUR'S SALES AND
### PROMOTION OF ITS ARMOUR-BRANDED PRODUCTS

13.    Under Armour has sold billions of dollars worth of products under the UNDER

ARMOUR and ARMOUR Marks.  Under Armour's products are promoted, offered, and sold

nationwide in connection with the ARMOUR Marks through a wide variety of retail means,

including thousands of retail stores.  These retail stores include Under Armour's own Factory

and Brand House retail stores, as well as national, regional, independent, and specialty retailers such as *Foot Locker*, *Finish Line*, *Dick's Sporting Goods*, *Kohl's*, *Macy's*, *Dunham's*, *Modell's*, *Hibbett Sports*, *Nordstrom*, *Academy Sports & Outdoors*, *Bass Pro Shops*, *Cabela's,* and *The Army and Air Force Exchange Service.*

14.     Under Armour's products are also offered, sold, and promoted through its own websites, catalogs, and toll-free call center and the websites and mail order catalogs of many of its retailers, including the websites used by *Bloomingdales.com*, *Cabela's*, *Bass Pro Shops*, *City Sports*, *Dick's Sporting Goods*, *Eastbay*, *Eastern Mountain Sports*, *Finish Line*, *Foot Locker*, *Gilt Groupe*, *Hibbett*, *Kohl's*, *LL Bean*, *Lord & Taylor*, *Macys.com*, *MC Sports*, *Modell's*, *Nordstrom*, *Sportsman's Guide*, and *Sportsman's Warehouse*.

15.     For years, Under Armour has spent tens of millions of dollars annually advertising and promoting its ARMOUR Marks and products to the general public.  Under Armour has widely and extensively promoted its ARMOUR Marks and products through virtually every available type of media, including print publications, signage, television, and the Internet.

16.     Under Armour also promotes and showcases its ARMOUR Marks and products on its own and authorized websites and social media sites, including www.underarmour.com, www.facebook.com/underarmour, www.twitter.com/underarmour, and www.instagram.com/underarmour, among others.

17.     Under Armour has run extensive, nationwide advertising campaigns that reinforce the ARMOUR Marks as a potent shorthand for Under Armour and its vast product offerings— for example the THIS IS YOUR ARMOUR, EARN YOUR ARMOUR, ARMOUR UP, and YOUR ARMOUR JUST GOT LIGHTER campaigns:











18.     With respect to publications and signage, Under Armour has advertised and promoted its ARMOUR Marks and products in a wide variety of nationally circulated magazines and newspapers.

19.     Further, the ARMOUR Marks have been featured on billboards and other signage in various cities, including Baltimore, Philadelphia, and New York City's Times Square.

20.     Under Armour has advertised and promoted its ARMOUR Marks and products through television commercials, including a television commercial during the Super Bowl, product placement in popular movies, national television programs, video games, and coverage of sporting events featuring its branded products, among other means.

21.     Sponsorships, outfitting agreements, individual athlete agreements, and partnerships with famous celebrities represent another significant form of advertising and promotion by Under Armour.  Under Armour's ARMOUR Marks are promoted through high-profile athletes and teams at the youth, collegiate, professional, and Olympic levels including, for example, the most decorated Olympian of all time Michael Phelps; World Champion ski racer Lindsey Vonn; ballerina Misty Copeland; NBA basketball stars Steph Curry (Golden State Warriors) and Joel Embiid (Philadelphia 76ers); MLB baseball stars Bryce Harper (Philadelphia Phillies) and Clayton Kershaw (Los Angeles Dodgers); supermodel Gisele Bündchen; NFL football stars Tom Brady (New England Patriots), Cam Newton (Carolina Panthers), and Patrick Peterson (Arizona Cardinals); famous celebrity Dwayne "The Rock" Johnson; college sports teams Auburn, Notre Dame, Boston College, University of Maryland, Northwestern University, Navy, and South Carolina; and high school sports teams around the country.













22.     Since 2006, Under Armour has been an authorized supplier of footwear to the NFL and is currently also the official performance footwear supplier to the MLB and authorized supplier of gloves to the NFL.

23.     In addition to its own substantial advertising and promotional activities, Under Armour and its ARMOUR Marks and products have received and continue to receive widespread unsolicited media coverage.  Indeed, many of the athletes, teams, and sporting events sponsored by Under Armour appear on nationally broadcast television programs and in widely circulated publications, exposing tens of millions of consumers to the ARMOUR Marks.

24.     Under Armour has received numerous awards for its commercial success in connection with the development of its innovative and technologically enhanced products and its marketing and branding achievements.  In 2014, Under Armour received the prestigious "Marketer of the Year" Award from *Advertising Age* magazine.  That same year, *Yahoo Finance* named Under Armour the 2014 "Company of the Year."  In 2015 and 2016, Under Armour ranked #4 (with a brand value of $5 billion in 2015 and $5.5 billion in 2016) on the Forbes list of "The World's Most Valuable Sports Brands."  In 2016, Under Armour also received the preeminent marketing industry award for the best "Ad of the Year" from *AdWeek* for its "Rule Yourself" campaign featuring 28-time Olympic medalist Michael Phelps.

25.     As a result of its distinctive nature, and thus inherent strength; widespread advertising, publicity, promotion, and sales; and longstanding and extensive use and recognition, the UNDER ARMOUR mark has been well known and famous for years.

26.     In *Under Armour, Inc. v. Bode*, Opp. No. 91178653 (TTAB May 21, 2009), the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (PTO) expressly acknowledged the fame of the UNDER ARMOUR mark.

12

## UNDER ARMOUR'S TRADEMARK REGISTRATIONS
## FOR ITS ARMOUR MARKS

27.     Under Armour owns, among others, the following valid and subsisting U.S.

federal trademark registrations for its UNDER ARMOUR marks (true and correct copies of

those registrations are attached as Exhibit A):

| Mark | Reg. No.<br>Reg. Date | Goods/Services |
|------|-----------------------|----------------|
| UNDER ARMOUR | 2279668<br>09-21-1999 | Clothing, namely, t-shirts, long sleeve shirts, mock turtle necks, hats, shorts, shirts, leggings, jersey's, pants, headwear for winter and summer, under wear, tank tops (male and female), winter caps, sweat shirts/pull overs, women's bra in Class 25 |
| UNDER ARMOUR | 2917039<br>01-11-2005 | Wristbands, headbands, rain suits, jackets, socks, skirts, athletic sleeves, hoods, skull wraps, skull caps, vests, hats, shorts, shirts, leggings, pants, headwear for winter and summer, underwear, tank tops, bras, girdles in Class 25 |
| UNDER ARMOUR | 3178549<br>11-28-2006 | Athletic footwear in Class 25 |
| UNDER ARMOUR | 3642614<br>06-23-2009 | Full line of athletic clothing in Class 25 |
| UNDER ARMOUR | 3712052<br>11-17-2009 | Ankle socks; athletic uniforms; baseball caps; baseball shoes; baseball uniforms; baselayer bottoms; baselayer tops; beach footwear; boxer briefs; boxer shorts; briefs; capri pants; children's headwear; coats; dresses; fleece pullovers; football shoes; footwear; foul weather gear; golf caps; golf shirts; golf trousers; hooded pullovers; hunting vests; jogging pants; knit shirts; men's socks; mittens; moisture-wicking sports bras; moisture-wicking sports pants; moisture-wicking sports shirts; polo shirts; rain jackets; rain trousers; rainproof jackets; rainwear; running shoes; short-sleeved or long-sleeved t-shirts; short-sleeved shirts; ski bibs; ski gloves; ski jackets; ski pants; ski wear; skorts; sleeveless jerseys; snow pants; snowboard gloves; snowboard mittens; snowboard pants; soccer boots; sport shirts; sports bras; sports jerseys; sports pants; sports shirts; sweat bands; sweat pants; tennis wear; thongs; thongs; training shoes; undershirts; unitards; visors; waterproof jackets and pants; wind pants; wind resistant jackets; wind shirts in Class 25 |

| Mark | Reg. No. Reg. Date | Goods/Services |
|------|--------------------|----------------|
| UNDER ARMOUR | 4225998 10-16-2012 | Baseball shoes; Basketball sneakers; Beachwear; Bib overalls for hunting; Camouflage gloves; Camouflage jackets; Camouflage pants; Camouflage shirts; Camouflage vests; Cleats for attachment to sports shoes; Fishing shirts; Football shoes; Golf shorts; Hunting jackets; Hunting pants; Hunting shirts; Sneakers; Swimwear; Volleyball jerseys; Yoga pants; Yoga shirts in Class 25 |
| UNDER ARMOUR | 3700135 10-20-2009 | Clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves in Class 25<br><br>Bags specially adapted for sports equipment; golf gloves; batting gloves; football gloves; lacrosse gloves; mouth guards for athletic use; cases for holding athletic mouth guards; athletic equipment, namely, guards for the lips; chin pads for athletic use; knee pads for athletic use; elbow pads for athletic use; forearm pads for athletic use; shin guards for athletic use; football girdles; jock straps in Class 28 |
| UNDER ARMOUR | 3722377 12-08-2009 | Football towels; golf towels; towels in Class 24 |
| UNDER ARMOUR | 3500322 09-09-2008 | Eyewear, namely, sunglasses, lenses for sunglasses, and visors for use with helmets in Class 9 |
| UNDER ARMOUR | 4135826 05-01-2012 | Eyewear; goggles for sports in Class 9 |
| UNDER ARMOUR | 3901624 01-04-2011 | Backpacks specially adapted for holding laptop computers in Class 9 |
| UNDER ARMOUR | 3375771 01-29-2008 | Retail store services featuring apparel and sporting goods in Class 35 |
| UNDER ARMOUR | 3638277 06-16-2009 | Online retail store services featuring apparel, footwear, sporting goods, eyewear, headwear, wrist bands, sweat bands, belts, gloves, hand-warmers, plastic water bottles sold empty, sports bags, tote bags, travel bags, backpacks, messenger bags, duffel bags, wheeled bags, sling bags, umbrellas, towels in Class 35 |
|  UNDER ARMOUR | 2509632 11-20-2001 | Clothing namely; shirts, hats, pants, t-shirts, underwear, brassiere and shorts in Class 25 |

| Mark | Reg. No. Reg. Date | Goods/Services |
|---|---|---|
| **UNDER ARMOUR** | 2954369 05-24-2005 | Wristbands, headbands, rain suits, jackets, socks, skirts, athletic sleeves, hoods, skull wraps, skull caps, vests, hats, shorts, shirts, leggings, pants, headwear for winter and summer, underwear, tank tops, bras, girdles in Class 25 |

28. Under Armour also owns, among others, the following valid and subsisting U.S. trademark registrations for the ARMOUR mark *per se* and other ARMOUR-formative marks, including for clothing, footwear, accessories, and other products (true and correct copies of those registrations are attached as Exhibit B):

| Mark | Reg. No. Reg. Date | Goods/Services |
|---|---|---|
| ARMOUR | 3392904 03-04-2008 | Clothing, excluding golf clothing, namely, shorts, shirts, pants, and gloves in Class 25 |
| ARMOUR | 3970978 05-31-2011 | Footwear, excluding golf footwear in Class 25 |
| ARMOUR | 3720012 12-01-2009 | Clothing, excluding golf clothing, namely, hooded sweat shirts, crew neck shirts, long sleeve shirts, pullover shirts in Class 25 |
| ARMOUR | 4133248 04-24-2012 | Clothing, excluding golf clothing, namely, headwear, hats, caps, baseball caps and bras in Class 25 |
| ARMOUR | 5387620 01-23-2018 | On-line retail store services featuring apparel, footwear, headwear, eyewear, and sporting goods; and retail store services featuring apparel, footwear, headwear, eyewear, and sporting goods in Class 35 |
| ARMOUR FLEECE | 3510702 10-07-2008 | Jackets, pants in Class 25 |
| GAMEDAY ARMOUR | 4094318 01-31-2012 | Clothing, namely, shirts, t-shirts, short-sleeved shirts, shorts; clothing for athletic use, namely, padded shorts; clothing for athletic use, namely, padded shirts in Class 25 |
| ARMOURVENT | 4642057 11-18-2014 | Athletic shirts; athletic shorts; baselayer bottoms; baselayer tops; bottoms; capri pants; capris; caps; compression garments for athletic or other non-medical use, namely, shirts, shorts; hats; headwear; jackets; leggings; long-sleeved shirts; shirts; short-sleeved shirts; shorts; singlets; sports shirts; t-shirts; tank tops; tank-tops; tops; track jackets; vests in Class 25 |

| Mark | Reg. No. Reg. Date | Goods/Services |
|---|---|---|
| ARMOUR BRA | 4142942 05-15-2012 | Bras in Class 25 |
| ARMOURSIGHT | 3861988 10-12-2010 | Eyewear; sunglasses; lenses for sunglasses in Class 9 |
| ARMOUR GRABTACK | 3684393 09-15-2009 | Football gloves in Class 28 |
| ARMOURSTORM | 3622968 05-19-2009 | Jackets in Class 25 |
| ARMOURBOX | 5317738 10-24-2017 | On-line retail store services featuring apparel, accessories, footwear, headgear, and bags in Class 35<br><br>Personal shopping services for others; personal stylist services, namely, evaluating the apparel styles of others and recommending clothing and accessories in Class 45 |

29.     Under Armour also owns the following valid and subsisting Maryland trademark

registrations for its famous ARMOUR mark, among others products (true and correct copies of

those registrations are attached as Exhibit C):

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| ARMOUR | 2012-0227 | 12/18/12 | Clothing, excluding golf clothing in Class 39 |
| ARMOUR | 2012-0228 | 12/18/12 | Knee pads for athletic use and protective athletic cups in Class 22 |

## DEFENDANT AND ITS WRONGFUL ACTIVITIES

30.     Without Under Armour's authorization or approval, Defendant has been offering,

selling, and promoting apparel (including bras and leggings) and accessories under the

ARMORINA name and mark:







31.     In or around December 2017, Defendant registered the domain name armorina.com with the GoDaddy domain name registrar.

32.     Defendant has been operating a website at https://armorina.com/, where it promotes and sells apparel and accessories under the ARMORINA name and mark.

33.     Like Under Armour, Defendant promotes the ARMORINA mark and products on the Internet and, specifically, via social media, including Twitter (https://twitter.com/armorinaactive), Facebook (https://www.facebook.com/armorinaactiveswear/), and Instagram (https://www.instagram.com/armorinaactivewear/):







34.     On May 28, 2018, Defendant filed U.S. Trademark Application Serial No. 87938428 for the mark ARMORINA for "Athletic tights; Bras; Headbands; Leggings; Pants; Shirts; Shorts; Swimwear; Sports bras" in Class 25 with the PTO.

35.     Prior to publication of Application Serial No. 87938428, Under Armour objected to Defendant's application and use of ARMORINA and insisted that Defendant voluntarily abandon Application No. 87938428 and stop using ARMORINA.  Defendant did not respond to Under Armour's request, allowed Application No. 87938428 to publish, and continues to sell apparel and accessories under the ARMORINA mark.

36.     On December 17, 2018, Under Armour filed Opposition No. 91245355 against Application Serial No. 87938428 with the Trademark Trial and Appeal Board.  That proceeding is currently ongoing.

37.     On April 1, 2019, Defendant filed two U.S. Trademark Applications with the PTO for the mark , one covering "Bikinis; Bodysuits; Bottoms as clothing; Capris; Coats; Dresses; Gloves; Hats; Headbands; Jackets; Knit tops; Leggings; Long-sleeved shirts; Pants; Shirts; Shorts; Skirts; Socks; Sports bra; Sweat shirts; Sweaters; Sweatpants; Swimsuits; T-shirts; Tank tops; Tights; Tops as clothing; Track pants; Underwear; Vests" in Class 25 (App. No. 88366240) and the other covering "Fitness Training products, namely, resistance bands for exercise, nylon straps that are affixed to doors for performances of various exercises using body weight resistance; resistance bands" in Class 28 (App. No. 88366271).  Neither application has published for opposition.

38.     Fully aware of Under Armour's rights, Defendant has acted knowingly, willfully, in reckless disregard of those rights, and in bad faith.

### INJURY TO UNDER ARMOUR AND THE PUBLIC

39.     Defendant's unauthorized use of the ARMORINA name and mark is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Under Armour.

40.     Defendant's unauthorized use of the ARMORINA name and mark is likely to dilute the distinctiveness and value of Under Armour's famous UNDER ARMOUR mark.

41.     Defendant's trademark application for the ARMORINA mark conflicts with Under Armour's prior rights.

42.     Defendant's acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Under Armour and its ARMOUR Marks.

43.     Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

44.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 43 of this Complaint.

45.     Without Under Armour's consent, Defendant has used and continues to use in commerce reproductions, copies, and colorable imitations of Under Armour's registered ARMOUR Marks in connection with the offering, distribution, and advertising of goods.  These actions are likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, Passing Off, and Unfair Competition**
**Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

46.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 45 of this Complaint.

47.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or commercial activities by or with Under Armour.  Defendant's actions thus constitute

trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

### THIRD CLAIM FOR RELIEF
**Trademark Dilution Under Section**
**43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

48.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 47 of this Complaint.

49.     Under Armour's UNDER ARMOUR mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendant's first use of ARMORINA based on, among other things, the inherent distinctiveness and federal registration of Under Armour's UNDER ARMOUR mark and the extensive nationwide use, advertising, promotion, and recognition of that mark.

50.     Defendant's actions, as described above, are likely to dilute the distinctive quality of Under Armour's famous UNDER ARMOUR mark by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

### FOURTH CLAIM FOR RELIEF
**Trademark Infringement Under**
**Md. Code Bus. Reg. § 1-414 _et seq._**

51.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 50 of this Complaint.

52.     Defendant's uses, without the consent of Under Armour, of reproductions and/or colorable imitations of Under Armour's registered ARMOUR Marks in connection with the sale, offering for sale, and/or advertising of goods or services, are likely to cause confusion, or to

deceive as to the origin of the goods or services, and thus constitute trademark infringement in violation of Md. Code Bus. Reg. § 1-414 *et seq.*

53.      Defendant's reproductions and/or colorable imitations of Under Armour's registered ARMOUR Marks, and application of those reproductions and/or colorable imitations to Defendant's advertising, labels, prints, receptacles, signs, or wrappers that are intended to be used with goods or services and/or in conjunction with the sale or other distribution of goods or services in Maryland, constitute trademark infringement in violation of Md. Code Bus. Reg. § 1-414 *et seq.*

**FIFTH CLAIM FOR RELIEF**
**Trademark Infringement, False Advertising, and Unfair Competition**
**Under Maryland Common Law**

54.      Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 53 of this Complaint.

55.      Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Under Armour, or as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Under Armour such that Defendant's acts constitute infringement of Under Armour's proprietary rights in its ARMOUR Marks, misappropriation of Under Armour's goodwill in those marks, and unfair competition under Maryland common law.

56.      Defendant's actions, as described above, constitute false and misleading descriptions and misrepresentations of fact in commerce, which, in commercial advertising and promotion, materially misrepresent the nature, characteristics, and qualities of Defendant's products and constitute false and deceptive advertising under Maryland common law.

## SIXTH CLAIM FOR RELIEF
### Cybersquatting Under Section
### 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

57.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 56 of this Complaint.

58.     Defendant caused to be registered, registered, and/or used the armorina.com domain name with a bad-faith intent to profit from Under Armour's ARMOUR Marks.

59.     Under Armour's ARMOUR Marks were distinctive at the time Defendant caused to be registered, registered, and/or used the armorina.com domain name.

60.     Under Armour's UNDER ARMOUR mark was famous at the time Defendant caused to be registered, registered, and/or used the armorina.com domain name.

61.     The armorina.com domain name is confusingly similar to Under Armour's ARMOUR Marks.

62.     The armorina.com domain name is dilutive of Under Armour's UNDER ARMOUR mark.

63.     Defendant's actions, as described above, violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).


## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Under Armour respectfully demands a trial by jury on all issues properly triable by a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Under Armour respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.      An Order declaring that Defendant's use of the ARMORINA name and mark infringes Under Armour's ARMOUR Marks, dilutes Under Armour's UNDER ARMOUR mark, and constitutes unfair competition under federal and/or state law, as detailed above;

B.      An Order declaring that Defendant's Application Serial No. 87938428 for the ARMORINA mark conflicts with Under Armour's prior rights, as detailed above;

C.      A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.      From using, registering, or seeking to register the ARMORINA mark in any form, including in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Under Armour's ARMOUR Marks and/or dilutive of Under Armour's UNDER ARMOUR mark;

2.      From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Under Armour or sponsored by or affiliated with Under Armour in any way;

3.      From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs C(1)-(2);

D.     An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear Defendant's ARMORINA mark or any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Under Armour's ARMOUR Marks and/or dilutive of Under Armour's UNDER ARMOUR mark;

E.     An Order directing Defendant (and the relevant registrar) to transfer to Under Armour the armorina.com domain name and all other domain names Defendant owns or controls that contain any of Under Armour's ARMOUR Marks (including, but not limited to, any domain names comprised of or containing ARMOUR or ARMOR), any marks confusingly similar to any of Under Armour's ARMOUR Marks, and/or any marks dilutive of Under Armour's UNDER ARMOUR mark;

F.     An Order directing the Director of the PTO to refuse Defendant's Application Serial Nos. 88366240, 88366271, and 87938428 or, alternatively, directing Defendant to surrender/abandon these applications with prejudice;

G.     An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Under Armour's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H.     An Order requiring Defendant to account for and pay to Under Armour any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws including, but not limited to, Md. Code Bus. Reg. § 1-414 *et seq.*;

I.     An Order requiring Defendant to pay statutory damages under 15 U.S.C. § 1117(d), on election by Under Armour, in an amount of one hundred thousand dollars ($100,000) for the registration and use of the armorina.com domain name;

J.     An Order requiring Defendant to pay Under Armour damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws including, but not limited to, Md. Code Bus. Reg. § 1-414 *et seq.*;

K.     An Order requiring Defendant to pay Under Armour all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws;

L.     An Order requiring Defendant to pay Under Armour punitive damages for trademark infringement and unfair competition under Maryland common law; and

M.     Other relief as the Court may deem appropriate.


Dated:  August 21, 2019                Respectfully submitted,

                                        */s/ Douglas A. Rettew*
                                       Douglas A. Rettew (29815)
                                       Anna B. Naydonov (*pro hac vice* to be filed)
                                       Patrick J. Rodgers (*pro hac vice* to be filed)
                                       FINNEGAN, HENDERSON, FARABOW,
                                          GARRETT & DUNNER LLP
                                       901 New York Avenue, NW
                                       Washington, D.C. 20001-4413
                                       (202) 408-4000 (phone)
                                       (202) 408-4400 (fax)
                                       Email: doug.rettew@finnegan.com
                                       Email: anna.naydonov@finnegan.com
                                       Email: patrick.rodgers@finnegan.com

                                       ***Attorneys for Plaintiff***
                                       ***Under Armour, Inc.***