## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNDER ARMOUR, INC.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civ. No. DLB-19-2417** |
| **ARMORINA INC.,** | * | |
| **Defendant.** | * | |

## AMENDED ORDER OF JUDGMENT AND PERMANENT INJUNCTION

This case was tried before a jury from January 9 through January 12, 2023.  On January 12, the jury delivered its verdict, finding that Plaintiff Under Armour, Inc. proved, by a preponderance of the evidence, that (1) Defendant Armorina Inc. "infringed by using its ARMORINA mark in a manner likely to cause confusion about the source, affiliation, sponsorship, or approval of its products with Under Armour and/or its ARMOUR mark, UNDER ARMOUR mark, marks containing ARMOUR, and/or asserted family of ARMOUR marks," (2) "the UNDER ARMOUR trademark is famous and Armorina's use of the ARMORINA trademark began after the UNDER ARMOUR mark became famous," and (3) "the ARMORINA trademark is likely to cause dilution of the UNDER ARMOUR trademark."  ECF 122.

Based on the jury's verdict finding infringement, unfair competition, and dilution, an injunction is appropriate.  *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (setting forth injunction factors).  First, with liability, there is irreparable harm here.  15 U.S.C. § 1116 (presuming irreparable harm in trademark cases); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va. Inc.*, 43 F.3d 922, 939 (4th Cir. 1995) (noting that "irreparable injury regularly follows from trademark infringement").  Second, the irreparable harm suffered by Under Armour outweighs any prejudice to Armorina, particularly because Armorina's sales have been low and

its advertising minimal. *See Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 596 (D. Md. 2013) (finding the balance of hardships tipped in plaintiff's favor where defendants were "operating their business in direct violation of the Lanham Act"). Prejudice to Armorina is further diminished because Armorina may continue to make its products under a non-infringing name. *See All./Burkhardt, LLC v. Reed*, Civ. Action No. 06-2607, 2006 U.S. Dist. LEXIS 104960, at *3 (D. Md. Oct. 12, 2006) (granting injunction and finding the balancing of hardships favored plaintiff where enjoined defendants were "free to remain in business and, in fact, to compete"). Finally, injunctive relief is in the public interest given the jury's finding of liability. *See Lone Star*, 43 F.3d at 939 (noting "an injunction in this case would serve the public interest by preventing future consumers from being misled").

Accordingly, it is this 17th day of January, 2023 ORDERED that

1. Judgment is entered in favor of Under Armour against Armorina in the amount of $1.00;

2. Pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116, Armorina and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, successors, and assigns and all persons in active concert or participation with any of them are permanently enjoined from:

   a. using, registering, or seeking to register the ARMORINA mark in any form— including in connection with any other wordings, designs, or logos—and/or any marks, names, logos, designs, designations, or indicators comprised of or containing the term ARMOR, ARMOUR, or any misspellings thereof;

   b. from representing by any means whatsoever, directly or indirectly, that

Armorina, any products or services offered by Armorina, or any activities undertaken by Armorina, is/are associated or connected in any way with Under Armour or sponsored by or affiliated with Under Armour in any way; and

    c.  from assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in a-b;

3.  Pursuant to 15 U.S.C. § 1119, the Director of the U.S. Patent and Trademark Office is ordered to refuse Armorina's Application Serial Nos. 88366240, 88366271, and 87938428; and

4.  Any and all prior rulings made by the Court disposing of any claims against any parties are incorporated by reference herein, and this Order shall be deemed to be a final judgment within the meaning of Federal Rule of Civil Procedure 58.


Date: January 17, 2023

_____
Deborah L. Boardman
United States District Judge